# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: AUTO BODY SHOP ANTITRUST LITIGATION      MDL No. 2557

## TRANSFER ORDER

**Before the Panel**: Certain defendants move under 28 U.S.C. § 1407(c) to transfer the actions listed on Schedule A to the Middle District of Florida for inclusion in MDL No. 2557.[1] The motions are unopposed.

After considering the argument of counsel, we find that the actions share common questions of fact with the actions transferred to MDL No. 2557, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. In 2014, we centralized actions "shar[ing] common factual questions relating to the allegation of an industry-wide conspiracy spearheaded by State Farm to suppress the reimbursement rates applicable to automobile collision repair shops, including complex issues concerning the role of 'direct repair programs' in furtherance of the alleged scheme." *See In re: Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390-91 (J.P.M.L. 2014). Since then, we have transferred numerous related actions alleging the same or a substantially similar industry-wide conspiracy.[2] Like many of the centralized actions, plaintiff Professional, Inc., which also is a plaintiff in the MDL,[3] alleges that numerous insurers acted in concert to control and depress the reimbursement rates applicable to automobile collision repair shops and that plaintiff has been injured as a result. Although Professional's new complaints allege few details of the concerted conduct, plaintiff does not dispute movants' representation that the actions involve the same anticompetitive conduct alleged in MDL No. 2557. In fact, the vast majority of the 33 named insurer defendants in the new

---

[1] Thirteen defendants move for transfer of *Professional, Inc. v. First Choice Auto Insurance Company*: State Farm Mutual Automobile Insurance Company, Allstate Insurance Company, Encompass Home and Auto Insurance Company, Esurance Company, Travelers Property Casualty Insurance Company, Liberty Mutual Insurance Company, Safeco Insurance Company of America, State Auto Mutual Insurance Company, USAA Casualty Insurance Company, The Cincinnati Insurance Company, Nationwide General Insurance Company, 21st Century Insurance Company, and Farmers Insurance Exchange. Kemper Independence Insurance Company is the movant in *Professional, Inc. v. Kemper Independence Insurance Company*.

[2] *See, e.g.,* Transfer Order (*Crawford's Auto Center*), MDL No. 2557 (J.P.M.L. Dec. 12, 2014); Transfer Order (*Leif's Auto Collision Centers*), MDL No. 2557 (J.P.M.L. Apr. 1, 2015).

[3] *See Alliance of Automotive Service Providers, Inc. v. State Farm Mutual Auto Ins. Co.*, C.A. No. 14-6008 (M.D. Fla.).

complaints are the same as in the MDL. Plaintiff Professional also does not dispute movants' representation that the state law claims in its new actions overlap with the claims asserted in its previously centralized action. Thus, transfer will eliminate duplicative discovery, prevent inconsistent rulings on pretrial matters, and conserve the resources of the parties, their counsel and the judiciary.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Middle District of Florida and, with the consent of that court, assigned to the Honorable Gregory A. Presnell for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

IN RE: AUTO BODY SHOP ANTITRUST LITIGATION    MDL No. 2557

## SCHEDULE A

<u>Western District of Pennsylvania</u>

PROFESSIONAL, INC. v. FIRST CHOICE AUTO INSURANCE COMPANY, ET AL., C.A. No. 3:17-00170

PROFESSIONAL, INC. v. KEMPER INDEPENDENCE INSURANCE COMPANY, C.A. No. 3:17-00176